In re the Matter of Eric ROBERTSON, Respondent,

v.

STATE of Missouri, Appellant.

No. WD 74623.

Missouri Court of Appeals, Western District.

Oct. 30, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 2012.

Timothy A. Blackwell, Jefferson City, MO, for appellant.

Erika R. Eliason, Columbia, MO, for respondent.

Before: JOSEPH M. ELLIS, P.J., and ALOK AHUJA and MARK D. PFEIFFER, JJ.

ALOK AHUJA, Judge.

The State of Missouri appeals a judgment entered by the Probate Division of the Circuit Court of Jackson County, which dismissed the State's petition to have Eric Robertson involuntarily committed as a sexually violent predator pursuant

to §§ 632.480 to 632.513 (the "SVP Act").[1] The probate court concluded that Robertson had not previously been convicted of a "sexually violent offense" under § 632.480(4), and was therefore ineligible for involuntary commitment under the SVP Act. We affirm.

## Factual Background

Robertson was incarcerated at the Northeast Correctional Center with a scheduled release date of September 12, 2011. Prior to his release, the State conducted an assessment to determine if Robertson was a sexually violent predator under the SVP Act. After a multidisciplinary team and a prosecutor's review committee concluded that Robertson met the definition of a sexually violent predator, the State filed a petition on August 18, 2011, to have him involuntarily committed in the custody of the Department of Mental Health.

The State's petition alleged that Robertson qualified for involuntary commitment based (in part) on the fact that he had previously been convicted of a "sexually violent offense" within the meaning of § 632.480(4). To support this allegation, the State's petition relied on Robertson's June 5, 1995 conviction of deviate sexual assault in the first degree in the Circuit Court of Jackson County.[2]

On August 29, 2011, Robertson filed a Motion to Dismiss for Failure to Prove a Sexually Violent Offense Pursuant to RSMo 632.480(4), alleging that the offense to which he pled guilty in 1995 did not fall within the statutory definition of a "sexually violent offense." The probate court granted Robertson's motion. It found that the offense of deviate sexual assault in the first degree, to which Robertson pled guilty in June 1995, was not a "sexually violent offense" under § 632.480(4). Because prior conviction of a "sexually violent offense" is a condition precedent to involuntary commitment under the SVP Act, the probate court held that the State's petition failed to state a claim under the Act. The State appeals.

## Standard of Review

Appellate review of a trial court's grant of a motion to dismiss is *de novo.* When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs. The State's petition states a cause of action if its averments invoke principles of substantive law that may entitle the plaintiff to relief. Our review of a motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. We make no attempt to weigh any alleged facts to determine whether they are credible or persuasive, but review the petition only to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted.

*State ex rel. Koster v. Portfolio Recovery Assocs., LLC,* 351 S.W.3d 661, 663–64 (Mo.

1.  Unless otherwise indicated, statutory citations refer to the 2000 edition of the Revised States of Missouri (RSMo), as updated through the 2011 Cumulative Supplement.

2.  Robertson was sentenced to five years' imprisonment for the 1995 conviction, and had apparently fully served this sentence when the State filed its petition to have him involuntarily committed. At the time of the filing of the State's petition in 2011, Robertson was incarcerated because of his convictions in 2004 of statutory sodomy in the second degree (two counts), and of supplying alcohol and pornography to a minor. None of those offenses constitute "sexually violent offenses" under § 632.480(4).

App. E.D.2011) (citations and internal quotation marks omitted).

### Analysis

Section 632.480(5) defines a "sexually violent predator" subject to commitment under the SVP Act as:

> any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:
>
> (a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or
>
> (b) Has been committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980.

The SVP Act defines a "sexually violent offense" in § 632.480(4), which provides:

> "**Sexually violent offense**" [means] the felonies of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first or second degree, sexual abuse, sexual assault, deviate sexual assault, or the act of abuse of a child as defined in subdivision (1) of subsection 1 of section 568.060, RSMo, which involves sexual contact, and as defined in subdivision (2) of subsection 1 of section 568.060, RSMo.

These definitions of a "sexually violent predator" and a "sexually violent offense" were enacted in 1998, effective January 1, 1999. *See* H.B. 1405, 1998 Mo. Laws 530, 534. The relevant definitions have not been revised since that time.

When Robertson pled guilty to deviate sexual assault in the first degree in June 1995, the statute defining his offense provided:

> 1. A person commits the crime of deviate sexual assault in the first degree if he has deviate sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old.
>
> 2. Deviate sexual assault in the first degree is a class C felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon in a threatening manner, in which cases the crime is a class B felony.

§ 566.070, RSMo 1986.[3] Section 566.080.1, RSMo 1986, provided that "deviate sexual assault in the second degree" occurred "if, being seventeen years old or more, [a person] has deviate sexual intercourse with another person to whom he is not married who is sixteen years old."

Prior to the enactment of the SVP Act in 1998, the General Assembly eliminated the offenses of deviate sexual assault in the first degree and deviate sexual assault in the second degree. In their place, the legislature created a new offense of "deviate sexual assault," a class C felony, which occurs when an offender "has deviate sexual intercourse with another person knowing that he does so without that person's consent." § 566.070. Section 566.070 has remained unchanged from the time of the

---

3. Robertson was charged in 1995 with deviate sexual assault in the first degree involving a victim who was fourteen or fifteen years old. Although not decisive to our ruling today, we note that the charged offense would appear to correspond with the crime of statutory sodomy in the *second* degree as that offense existed when the SVP Act was passed in 1998. *See* § 566.064. Statutory sodomy in the second degree is not listed as a "sexually violent offense" in § 632.480(4).

passage of the SVP Act in 1998, to the present day.

As can readily be seen, the offense of deviate sexual assault as it existed at the time of the passage of the SVP Act was a different offense than the crime of deviate sexual assault in the first degree for which Robertson was convicted in June 1995. The crime for which Robertson was convicted required that he have had deviate sexual intercourse with a fourteen- or fifteen-year-old, and made no reference to whether the sexual contact was or was not consensual. By contrast, the deviate sexual assault offense in existence at the time the SVP Act was passed is not limited to victims of a particular age, and instead applies in every case in which an offender has deviate sexual intercourse with another person, and "does so without that person's consent." [4] By the time the SVP Act was passed, the legislature had created two other new offenses, statutory sodomy in the first degree and statutory sodomy in the second degree, which criminalized deviate sexual intercourse with minor victims of particular ages. *See* §§ 566.062, 566.064. These new statutory sodomy offenses—*not* the new "deviate sexual assault" offense—evidently took the place of the former offenses of sodomy (§ 566.060.3, RSMo 1986), deviate sexual assault in the first degree, and deviate sexual assault in the second degree.

The State's argument that Robertson was convicted of a "sexually violent offense" in 1995 is straightforward: according to the State, "[d]eviate sexual assault in the first degree is deviate sexual assault." Opening Br. at 20. "Because [Robertson] pled guilty to a crime of devi-

ate sexual assault, and deviate sexual assault is listed in § 632.480(4), [the Court] should conclude that [Robertson] has pled guilty to a qualifying predicate sexual offense." *Id.* at 24.

■ Although superficially plausible, we find the State's reading of § 632.480(4) unpersuasive. The State's argument assumes that the term "deviate sexual assault" in § 632.480(4) is a generic classification, used to denote a category subsuming all degrees of an offense. To the contrary, we conclude that § 632.480(4) specifically and precisely identifies the offenses which render an individual eligible for commitment as a sexually violent predator, using the technical nomenclature of Missouri's criminal statutes. "Deviate sexual assault in the first degree" is not one of the crimes identified as a "sexually violent offense" in § 632.480(4). We reach this conclusion for multiple reasons.

First, § 632.480(4) specifically identifies the degrees of an offense which constitute sexually violent offenses, in *every* case in which an offense had multiple degrees of severity as defined in 1998. Thus, the statute specifically provides that statutory rape *in the first degree*, statutory sodomy *in the first degree*, and child molestation *in the first and second degrees* constitute "sexually violent offenses." The only offenses which are identified in § 632.480(4) without any "degree" qualification are offenses which *had no degree gradations* in 1998: forcible rape (§ 566.030); rape (§ 566.030.3, RSMo 1986; § 566.030, RSMo 1978; § 559.260, RSMo 1969); forcible sodomy (§ 566.060.1); sodomy

---

4. The definition of "deviate sexual intercourse" also changed between the time of Robertson's underlying offense and the passage of the SVP Act. The amendment removed most acts of hand-to-genital contact from the definition of "deviate sexual intercourse," and instead denominated those acts as "sexual contact," unless the hand-to-genital contact resulted in the digital penetration of a person's genitals or anus. *Compare* § 566.010(1), RSMo 1986, *with* § 566.010(1), RSMo 1994.

(§ 566.060.3, RSMo 1986); sexual abuse (§ 566.100.1); sexual assault (§ 566.040.1); deviate sexual assault (§ 566.070.1); and abuse of a child (§ 568.060.1).

Indeed, if the State were correct that § 632.480(4) uses generic terms to define offense *categories,* the inclusion of the broad terms "rape" and "sodomy" would make much of the rest of the litany in § 632.480(4) redundant and unnecessary: "forcible rape," "statutory rape in the first degree," "forcible sodomy," and "statutory sodomy in the first degree" would all have been swept into the statute's reach by the simple inclusion of the terms "rape" and "sodomy." But the statute separately lists various "rape" and "sodomy" offenses, and we "must give meaning to every word or phrase of the legislative enactment." *State v. Moore,* 303 S.W.3d 515, 520 (Mo. banc 2010). Moreover, the statute specifically lists statutory rape in the first—*but not second*—degree, and statutory sodomy in the first—*but not second*—degree. Drawing these distinctions between different degree of statutory rape and sodomy would have been unnecessary—and ineffective—if the terms "rape" and "sodomy" already signified every offense denominated as a form of "rape" or "sodomy."

It is also significant that the legislature separately listed as predicate offenses "child molestation in the first or second degree." There are only two degrees of child molestation. *See* § 566.067.1, 566.068.1. If—as the State contends—the legislature had intended to include all degrees of an offense by using the "shorthand" of a generic identifier, it would have simply referred to "child molestation" in § 632.480(4). Under the State's argument, using the term "child molestation," alone, would have comprehended both degrees of "child molestation" in existence in 1998, without any further description. But, once again, that is not what the legislature did. It explicitly listed the two—*and only*

two—degrees of the offense, separately, as "sexually violent offenses," leaving no doubt as to what it intended to include within the "sexually violent offense" rubric created by the SVP Act. The fact that the legislature did not do the same thing with "deviate sexual assault" speaks volumes. *Cf. State v. Moore,* 303 S.W.3d 515, 520 (Mo. banc 2010) ("The legislature's use of different terms in different subsections of the same statute is presumed to be intentional and for a particular purpose."); *MC Dev. Co., LLC v. Cent. R–3 School Dist. of St. Francois Cnty.,* 299 S.W.3d 600, 605 (Mo. banc 2009) (" 'When different statutory terms are used in different subsections of a statute, appellate courts presume that the legislature intended the terms to have different meaning and effect.' " (citation omitted)).

In addition, the language of § 632.480(4) reflects that the legislature was fully aware of the necessity to list offenses which no longer existed, when it wanted to do so. It listed two such offenses in § 632.480(4): "rape" and "sodomy." Neither offense existed when the SVP Act was enacted in 1998. They *did,* however, exist as specific offenses (without degree gradations) in earlier statutes. *See* §§ 566.030.3, 566.060.3, RSMo 1986; § 566.030, RSMo 1978; § 559.260, RSMo 1969. The legislature's listing of the archaic offenses of "rape" and "sodomy", but *not* "deviate sexual assault in the first degree," is also significant.

To sum up, when it enacted § 632.480(4), the legislature: used seemingly "generic" terms to identify an offense only where the offense had no degree gradations; identified the specific degrees of an offense which would qualify as "sexually violent offenses" in every case where an offense had multiple degrees; listed all degrees of an offense having multiple degrees where it intended all degrees to constitute "sexually violent offenses"; list-

ed various species of "rape" and "sodomy" separately despite the inclusion of the seemingly generic terms "rape" and "sodomy"; and included former offenses in its listing where no offense by that name existed at the time the SVP Act was enacted. These features of the statute demonstrate that the legislature precisely used the terms of art denominating particular offenses in § 632.480(4). Because "deviate sexual assault in the first degree" is not included in the list of offenses constituting "sexually violent offenses," the circuit court correctly held that the State had failed to state a claim against Robertson under the SVP Act.

■ Various canons of statutory construction provide additional support for the result we reach. For example, as the State notes, the legislature is presumed to be "aware of the state of the law at the time it enacts a statute." *Martinez v. State*, 24 S.W.3d 10, 17 (Mo.App. E.D. 2000). We must therefore assume that at the time of the drafting of § 632.480(4), the legislature was aware that the universe of potential sexually violent predators included individuals convicted of offenses which no longer existed, and that the crimes of "deviate sexual assault in the first degree" and "deviate sexual assault in the second degree" had been eliminated. The fact that the legislature specifically named the former offenses of "rape" and "sodomy" in § 632.480(4) confirms that it was aware of the problem of outmoded offenses. It did not make similar provision in § 632.480(4) for those convicted of "deviate sexual assault in the first degree" under prior law.

■ The State acknowledges that the offense designations in § 632.480(4) are not common terms used by laypersons, but are terms of art defined by statute. The State recognizes that the legislature's use of technical terms invokes the canon of statutory construction that "technical words and phrases having a particular and appropriate meaning in law shall be understood according to their technical import." § 1.090; *see also, e.g., Wood ex rel. Estate of Lisher v. Lisher*, 187 S.W.3d 913, 916–17 (Mo.App. W.D.2006). Under this canon of construction, we presume that the legislature used the phrase "deviate sexual assault" precisely, to refer to the offense specifically denominated in that fashion when the SVP Act was enacted.

■ The State emphasizes that the SVP Act has been characterized as a remedial statute, which should be broadly construed. *In the Matter of Care and Treatment of Holtcamp*, 259 S.W.3d 537, 539–40 (Mo. banc 2008). But we can only give the statute a construction which its words can reasonably bear. "The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used.... The legislature is presumed to have intended what the statute says, and if the language used is clear, there is no room for construction beyond the plain meaning of the law." *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 17 (Mo.App. W.D. 2011) (citations and internal quotation marks omitted). It may be true that sweeping more offenders into the coverage of the SVP Act would promote the Act's remedial goal of protecting the public from dangerous recidivists. We cannot further the legislature's general objectives by rewriting the language of the statute it passed, however: "[t]o the point that courts could achieve 'more' of the legislative objectives by adding to [a statute's coverage], it is enough to respond that statutes have not only ends but also limits.... A court's job is to find and enforce stopping points no less than to implement other legislative choices." *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 861 F.2d 155, 157 (7th Cir.1988) (citation omitted). As the State argues, "[w]hether the legislature succeeded in setting forth a

well-reasoned definition of 'sexually violent offense' that best serves the purpose of the Act is not the issue here. Instead, the simple question in this case is whether [Robertson] committed an offense that is named in the Act." Opening Br. at 28–29. For the reasons explained at length above, the answer to this "simple question" is "no".

The State also cites to the legislative history of § 632.480(4), which indicates that earlier proposed versions of the statute contained a broader or narrower listing of "sexually violent offenses." But the legislative history cited by the State indicates only that the legislature carefully fine-tuned the list of offenses that would trigger the SVP Act, by adding and then deleting various degrees of various offenses, and by specifying that particular offenses would qualify only if a conviction was classified as a class B felony (a limitation it later deleted). To the extent it is relevant, the legislative history cuts against the State's argument that the legislature used the statutorily defined term "deviate sexual assault" imprecisely in § 632.480(4), to refer to a broader category of offenses.

Finally, the State cites the Eastern District's decision in *In the Matter of Care and Treatment of Gormon*, 371 S.W.3d 100 (Mo.App. E.D.2012), which recently held

that an offender convicted of "rape" under the pre–1995 definition of that offense could be eligible for commitment under the SVP Act. *Id.* at 104–05. *Gormon* rejected the offender's argument that his 1977 conviction for rape did not qualify as a "sexually violent offense" because his underlying conduct would today constitute statutory rape in the second degree, which is not listed in § 632.480(4). *Id.* at 105. *Gormon* held that the offender had been convicted of a "sexually violent offense" because, whatever the facts underlying his 1977 conviction, he was convicted of an offense which was denominated as "rape" when his conviction occurred, and "rape" is listed as a predicate offense in § 632.480(4). The same cannot be said here: Robertson was convicted in 1995 of an offense denominated "deviate sexual assault in the first degree," and that offense is *not* listed as a predicate offense in § 632.480(4). The result we reach today is fully consistent with *Gormon*.[5]

## Conclusion

The circuit court's judgment is affirmed.

All concur.

---

**5.** We briefly note two other arguments the State advances.

The State invokes the principle that courts may not "engraft upon the statute provisions which do not appear in explicit words or by implication from other words in the statute." *State v. Collins*, 328 S.W.3d 705, 709 (Mo. banc 2011) (citation omitted). We wholeheartedly agree. Although the State argues that the probate court violated this principle by adding an unstated limitation on the statute's reference to "deviate sexual assault," in our view it is *the State's* argument that would seek to add additional offenses, not mentioned in any fashion in the statute's text, to § 632.480(4).

Although the State argues that we should not determine the applicability of the SVP Act based on "the facts of the particular defendant's crime," Opening Br. at 28, it cites to the purported facts underlying Robertson's 1995 conviction to support its position. But §§ 632.480(4) and (5) refer only to the underlying offense to which an offender "has pled guilty or been found guilty." An offender's conviction depends on a finding of only the essential elements of the offense. Particularly where a defendant pleads guilty, it may frequently be the case that the underlying facts would have supported more serious charges. That is not the relevant inquiry under § 632.480(4).