STATE of Missouri ex rel. Jessie
WHITAKER, Relator,

v.

The Honorable Joe Z. SATTERFIELD,
Special Judge, 34th Judicial
Circuit, Respondent.

No. SD 31856.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 2012.

Susan M. Elliott, Kansas City, MO, for
Relator.

Chris Koster (Attorney General), Shaun
J. Mackelprang, Jefferson City, MO, for
respondent.

Before LYNCH, P.J., RAHMEYER, J.,
and FRANCIS, J.

PER CURIAM.

On or about November 14, 2011, the
State filed a petition in the Probate Divi-
sion of the Circuit Court of Pemiscot
County seeking the civil commitment of
Jessie Whitaker ("Relator") on the ground
Relator meets the criteria of a "sexually
violent predator" as defined in section
632.480(5) because Relator (1) currently
suffers from a mental abnormality that
makes him more likely than not to engage
in predatory acts of sexual violence if not
confined, and (2) had pled guilty in 1985 to
a "sexually violent offense" as defined in
section 632.480(4).[1]  Relator filed a motion

---

1.  All references to statutes are to RSMo Cum.    Supp.2001, unless otherwise specified.

to dismiss the petition on the ground the offense to which Relator pled guilty in 1985 was not a "sexually violent offense"; Respondent denied Relator's motion.

Relator filed a petition for writ of mandamus and/or prohibition to Respondent in this Court on February 15, 2012, requesting that a writ issue directing Respondent to grant Relator's motion to dismiss or prohibiting Respondent from proceeding with the civil commitment. We issued a preliminary order in prohibition on February 28, 2012, directing Respondent to refrain from taking further action in the civil commitment proceeding until further order of this Court. For the reasons set forth below, we conclude Relator's 1985 offense is not a "sexually violent offense" as defined in section 632.480(4), and make our preliminary order absolute.

### Facts

The facts are undisputed. In 1985, Relator was charged with, and subsequently pled guilty to, "the Class C felony of sexual assault in the first degree . . . in that on or about April 29, 1985, in the County of Pemiscot, . . . the defendant had sexual intercourse with S.M., to whom defendant was not married and who was then fourteen years old[,]" a violation of section 566.040 RSMo 1986. The record indicates that Relator: was born on June 17, 1964; committed the offense on April 29, 1985; was charged on July 16, 1985; and pled guilty and was sentenced on October 1, 1985. Presumably, Relator would have been twenty years of age at the time he committed the 1985 offense.

The court sentenced Relator to five years in the Division of Adult Institutions, suspended execution of the sentence, and placed Relator on supervised probation for five years. In 1989, the court revoked Relator's probation.

According to a psychological report contained within the record, Relator has been charged in Dunklin County with forcible rape of a female victim. This alleged offense led to the State filing a petition in Pemiscot County seeking Relator's civil commitment as a sexually violent predator that in turn gave rise to the current writ proceeding. Relator has convictions and arrests for other crimes which are relevant to the claim that he suffers from a mental abnormality that makes him more likely than not to engage in predatory acts of sexual violence if not confined; however, the only claim in this petition of a crime to which Relator has pled or been found guilty that fits the required condition precedent of a "sexually violent offense" pursuant to section 632.480(4) is the 1985 conviction, therefore, the sole issue before us is whether the offense to which Relator pled guilty in 1985 is a "sexually violent offense" as defined in section 632.480(4).[2]

### Analysis

Missouri's sexually violent predator law ("the SVP Act") was enacted in 1998 with an effective date of January 1, 1999. (Sections 632.480 through 632.513 RSMo 2000, as amended.) Section 632.480(5) defines the phrase "sexually violent predator" as any person who suffers from a

2. The interpretation of a statute is a question of law that we review *de novo*. *In re Care and Treatment of Holtcamp*, 259 S.W.3d 537, 539 (Mo. banc 2008).

In the event Relator ultimately pleads guilty to, or is found guilty of, forcible rape, that offense would be a sexually violent offense within the meaning of section 632.480(4) that would support Relator's civil commitment as a sexually violent predator in the event he is found to have a qualifying mental abnormality.

mental abnormality that makes him more likely than not to engage in predatory acts of sexual violence if not confined, "and who . . . [h]as pled guilty or been found guilty . . . of a sexually violent offense[.]"

Section 632.480(4) defines "sexually violent offense" as:

the felonies of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first or second degree, sexual abuse, sexual assault, deviate sexual assault, or the act of abuse of a child as defined in subdivision (1) of subsection 1 of section 568.060, RSMo, which involves sexual contact, and as defined in subdivision (2) of subsection 1 of section 568.060, RSMo[.]

Relator was convicted of the class C felony of sexual assault in the first degree as it was defined by section 566.040 in 1985, which is not a specifically listed offense in section 632.480(4).

Respondent argues that the phrase "sexual assault" in section 632.480(4) includes the offense of "sexual assault in the first degree" to which Relator pled guilty in 1985. To reach that conclusion, Respondent assumes that the term "sexual assault" in section 632.480(4) includes all crimes in the category of sexual assault. Just as the Western District of this Court found in *In re Robertson*, —— S.W.3d —— (Mo.App. W.D.2012), we find that "section 632.480(4) specifically and precisely identifies the offenses which render an individual eligible for commitment as a sexually violent predator, using the technical nomenclature of Missouri's criminal statutes." *Id.* at ——. In its analysis, the court observed:

Indeed, if the State were correct that § 632.480(4) uses generic terms to define offense *categories*, the inclusion of the broad terms "rape" and "sodomy" would make much of the rest of the litany in § 632.480(4) redundant and unnecessary: "forcible rape," "statutory rape in the first degree," "forcible sodomy," and "statutory sodomy in the first degree" would all have been swept into the statute's reach by the simple inclusion of the terms "rape" and "sodomy." But the statute separately lists various "rape" and "sodomy" offenses, and we "must give meaning to every word or phrase of the legislative enactment." *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010). Moreover, the statute specifically lists statutory rape in the first— *but not second*—degree, and statutory sodomy in the first—*but not second*— degree. Drawing these distinctions between different degree of statutory rape and sodomy would have been unnecessary—and ineffective—if the terms "rape" and "sodomy" already signified every offense denominated as a form of "rape" or "sodomy."

It is also significant that the legislature separately listed as predicate offenses "child molestation in the first or second degree." There are only two degrees of child molestation. *See* § 566.067.1, 566.068.1. If—as the State contends—the legislature had intended to include all degrees of an offense by using the "shorthand" of a generic identifier, it would have simply referred to "child molestation" in § 632.480(4). Under the State's argument, using the term "child molestation," alone, would have comprehended both degrees of "child molestation" in existence in 1998, without any further description. But, once again, that is not what the legislature

did. It explicitly listed the two—*and only two*—degrees of the offense, separately, as "sexually violent offenses," leaving no doubt as to what it intended to include within the "sexually violent offense" rubric created by the SVP Act. The fact that the legislature did not do the same thing with "deviate sexual assault" speaks volumes. *Cf. State v. Moore,* 303 S.W.3d 515, 520 (Mo. banc 2010) ("The legislature's use of different terms in different subsections of the same statute is presumed to be intentional and for a particular purpose."); *MC Dev. Co., LLC v. Cent. R–3 School Dist. of St. Francois Cnty.,* 299 S.W.3d 600, 605 (Mo. banc 2009) (" 'When different statutory terms are used in different subsections of a statute, appellate courts presume that the legislature intended the terms to have different meaning and effect.' " (citation omitted)).

. . . .

To sum up, when it enacted § 632.480(4), the legislature: used seemingly "generic" terms to identify an offense only where the offense had no degree gradations; identified the specific degrees of an offense which would qualify as "sexually violent offenses" in every case where an offense had multiple degrees; listed all degrees of an offense having multiple degrees where it intended all degrees to constitute "sexually violent offenses"; listed various species of "rape" and "sodomy" separately despite the inclusion of the seemingly generic terms "rape" and "sodomy"; and included former offenses in its list-

ing where no offense by that name existed at the time the SVP Act was enacted. These features of the statute demonstrate that the legislature precisely used the terms of art denominating particular offenses in § 632.480(4).

*Id.* at ———.[3]

Apropos to this case, sexual assault in the first degree was defined in 1985 in the following manner: "[a] person commits the crime of sexual assault in the first degree if he has sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old."[4] Section 566.040.1 RSMo 1986. Effective January 1, 1995, the offense of "sexual assault" has been defined in section 566.040.1 RSMo 1994, as "[a] person commits the crime of sexual assault if he has sexual intercourse with another person knowing that he does so without that person's consent." Added to the previous section in 1995 are the words "without that person's consent." Thus, the language in the statute for sexual assault, which was included in section 632.480(4), included the element that the intercourse occurs "knowing that he does so without that person's consent." That crime is a substantively different offense than the 1985 offense with which Relator was charged and to which he pled guilty— "sexual intercourse with [S.M.], to whom defendant was not married and who was then fourteen years old." To include Relator's 1985 offense in "sexual assault" would be inconsistent with the technical meaning that phrase had at the time section 632.480(4) was enacted.

---

**3.** Respondent makes other arguments similar to those raised in *Robertson.* We do not discuss them further as they were adequately addressed in *Robertson.*

**4.** The offense was "a class C felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon in a threatening manner, in which cases the crime is a class B felony." Section 566.040.2 RSMo 1986.

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning." *In re Holtcamp*, 259 S.W.3d at 539–40. We also keep in mind that "civil commitment of persons so classified impinges on the fundamental right of liberty." *In re Norton*, 123 S.W.3d 170, 173 (Mo. banc 2003). The SVP Act was upheld because the statutory scheme "is narrowly tailored to promote the compelling interest of protecting the public from this small percentage of offenders." *Id.* at 175.

We must read the statute in light of its plain, ordinary meaning and the narrow tailoring to promote the compelling interest of protecting the public from this small percentage of offenders. *In re Norton*, 123 S.W.3d at 172, 175. In the absence of an express declaration, we cannot ascribe to the legislature an intention to include the 1985 offense with which Relator was charged and to which he pled guilty (unenhanced sexual assault in the first degree based on the victim's age) in the phrase "sexual assault" in section 632.480(4).[5]

The elements of the offense with which Relator was charged and to which he pled

5. We also note that, with the exception of "rape" and "sodomy," each of the other offenses listed in section 632.480(4) had a statutorily defined meaning at the time section 632.480 was enacted in 1998. *See* section 566.030.1 RSMo 1994 ("A person commits the crime of forcible rape if he has sexual intercourse with another person by the use of forcible compulsion."); section 566.032.1 RSMo 1994 ("A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old."); section 566.060.1 RSMo 1994 ("A person commits the crime of forcible sodomy if he has deviate sexual intercourse with another person by the use of forcible compulsion."); section 566.062.1 RSMo 1994 ("A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old."); section 566.067.1 RSMo 1994 ("A person commits the crime of child molestation in the first degree if he subjects another person who is less than twelve years of age to sexual contact." In 2000, the age was raised to less than fourteen.); section 566.068.1 RSMo 1994 ("A person commits the crime of child molestation in the second degree if he subjects another person who is twelve or thirteen years of age to sexual contact." The offense is a class A misdemeanor unless enhanced to a felony based on a prior conviction for a sexual offense or on aggravating conduct. In 2000, the age was changed to "less than seventeen."); section 566.100.1 RSMo 1994 ("A person commits the crime of sexual abuse if he subjects another person to sexual contact by the use of forcible compulsion."); section 566.070.1 RSMo 1994 ("A person commits the crime of deviate sexual assault if he has deviate sexual intercourse with another person knowing that he does so without that person's consent."); section 568.060.1 RSMo Cum.Supp.1997 ("A person commits the crime of abuse of a child if he: (1) Knowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old, or (2) Photographs or films a child less than eighteen years old engaging in a prohibited sexual act or in the simulation of such an act or who causes or knowingly permits a child to engage in a prohibited sexual act or in the simulation of such an act for the purpose of photographing or filming the act."). We do note that section 568.060 was completely rewritten in 2012, and, for offenses committed after its amendment in 2012, no longer appears to define an offense that is a "sexually violent offense" within the meaning of section 632.480(4).

Although the legislature ceased to use the labels "rape" and "sodomy" for offenses after 1994, the offenses of rape and sodomy were statutorily defined before 1995. Beginning in 1980 and continuing through 1994, rape was defined as "[a] person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old" in section 566.030.3 RSMo Cum.Supp.1983, and sodomy was defined as "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old" in section 566.060.3 RSMo Cum.Supp.1983.

guilty in 1985 do not meet the statutory, felony definition of any of the offenses listed in section 632.480(4) at or after the enactment of section 632.480 in 1998, or the most recent statutory definitions of "rape" and "sodomy" before enactment. The offenses that Relator's 1985 offense became after 1994 are not included in the definition of "sexually violent offense" in section 632.480(4). If Relator's 1985 offense would not be a sexually violent offense if committed on or after the effective date of Missouri's SVP Act, it clearly is not within the "spirit or reason" of the law or within the "evil" the law was designed to remedy. *In re Holtcamp*, 259 S.W.3d at 540. "It is a cardinal rule of statutory interpretation that '[t]he legislature is presumed to know the existing law when enacting a new piece of legislation.'" *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, at 567 (Mo. banc 2012) (quoting *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001)).

Respondent refers us to *In re Care and Treatment of Gormon*, 371 S.W.3d 100 (Mo.App. E.D.2012), as support for his position that "sexual assault" in section 632.480(4) should include every offense that has the phrase "sexual assault" in its label without regard to the elements of the offense and without regard to the elements of the Missouri offense "sexual assault" at the time of the enactment of section 632.480 in 1998.

*In re Gormon* is distinguishable from this case. *In re Gormon* involved the conviction for the kidnapping and "rape" in 1977 of a fifteen year old. *In re Gormon*, 371 S.W.3d at 102–03. Rape did not have a statutorily defined meaning when section 632.480 was enacted in 1998.[6] Gormon's 1977 offense was subject to a specific savings clause in section 556.031.3 that provides pre–1979 offenses "must be construed ... according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions of section 1.160, RSMo, notwithstanding." Section 556.031.3 RSMo 2000. In *State v. Brown*, 636 S.W.2d 929 (Mo. banc 1982), *overruled on other grounds by State v. Jones*, 716 S.W.2d 799, 800 (Mo. banc 1986), Brown challenged the use of his conviction in "1978[ ] of statutory rape by carnally knowing a fifteen year old female" as a predicate conviction of "rape" to support the trial court's finding that he was a "persistent sexual offender" under section 558.018.2 RSMo Cum.Supp.1983 (which was enacted in 1980, and requires the court to sentence a persistent sexual offender to an extended term of imprisonment on pleading guilty or being found guilty of specified crimes). *Id.* at 931, 936. Brown argued that his 1978 offense would not be rape under post–1978 law. Our Supreme Court held that the savings clause in section 556.031.3 for pre–1979 offenses caused Brown's 1978 conviction to

---

We believe the legislature intended the words "rape" and "sodomy" in section 632.480(4) to have their most recent meaning before the enactment of section 632.480 in 1998 rather than their cumulative meaning over time (including periods in 1980 and before when these offenses were defined differently).

6. "Rape" did have a single, statutorily defined meaning for the roughly fourteen-year period before 1995, and we believe that meaning is

the meaning the legislature intended "rape" to have in section 632.480(4) rather than the cumulative meaning of the word rape over time. As interpreted in *State v. Brown*, 636 S.W.2d 929, 931, 936 (Mo. banc 1982), *overruled on other grounds by State v. Jones*, 716 S.W.2d 799, 800 (Mo. banc 1986), and discussed *infra*, the savings clause in section 556.031.3 significantly broadens the meaning of "rape" for pre–1979 offenses.

"retain[ ] its status as a 'felony' rape conviction" after 1978 for purposes of section 558.018.2. *Id.* at 936. Gormon's 1977 offense would be subject to the same savings clause as Brown's pre–1979 offense, and, under *State v. Brown*, would retain its status as a rape conviction after 1978.[7]

On the other hand, sexual assault did have a statutorily defined meaning in 1998, and required "sexual intercourse with another person knowing that he does so without that person's consent." That offense is a substantively different offense than the unenhanced offense of sexual assault in the first degree with which Relator was charged and to which Relator pled guilty in 1985. Relator does not come within the provision of section 632.480(4) based upon the 1985 conviction for the class C felony of sexual assault in the first degree because the basis of the offense with which he was charged and to which he pled guilty in 1985 is not a predicate offense pursuant to section 632.480(4). Because the only predicate offense pled by the State was Relator's 1985 offense, Respondent is not authorized to proceed with the civil commitment of Relator. For these reasons, our preliminary order is made absolute. Respondent is directed to grant Relator's motion to dismiss.

---

7. *See State v. Gibson*, 122 S.W.3d 121, 125–30 (Mo.App. W.D.2003), for a discussion of sections 577.023.1(1) and 558.018.2 where section 556.031.3's savings clause was not operative.