

# In the Missouri Court of Appeals
## Eastern District

### DIVISION III

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | No. ED101652 |
| CARE AND TREATMENT OF | ) | |
| WILLIAM MURPHY. | ) | Appeal from the Circuit Court |
| | ) | of Marion County |
| | ) | |
| | ) | |
| | ) | Honorable David C. Mobley |
| | ) | |
| | ) | |
| | | FILED: June 23, 2015 |

### Introduction

Appellant William Murphy ("Murphy") appeals from the judgment of the Probate

Division of the Circuit Court of Marion County ("the probate court") committing Murphy to

secure confinement in the custody of the Department of Mental Health as a sexually violent

predator ("SVP") pursuant to Sections 632.480 through 632.513.[1] Murphy pleaded guilty to

first-degree sexual abuse in 1983 and was sentenced to prison. On April 16, 2013, prior to

Murphy's scheduled release from prison, the State filed a petition to have Murphy committed as

an SVP. On July 2, 2013, House Bill 215 ("HB 215") was signed into law amending the

definition of a "sexually violent offense." Murphy subsequently filed a motion to dismiss the

---

[1] All statutory references are to RSMo. 2000.

State's petition seeking to commit Murphy as an SVP. Murphy reasoned that at the time the State's petition was filed, first-degree sexual abuse was not a qualifying offense for purposes of commitment under Section 632.480. The probate court denied Murphy's motion to dismiss. On June 27, 2013, pursuant to a stipulation, the probate court entered a judgment committing Murphy to the Department of Mental Health as an SVP.

On appeal, Murphy contends the probate court erred in denying his motion to dismiss the petition because he did not qualify for commitment as an SVP. Specifically, Murphy argues that first-degree sexual abuse was not a qualifying offense under Section 632.480(4) at the time the State filed its petition to have him committed. Murphy maintains that the subsequent amendment to the statute constitutionally could not be applied retroactively because the amendment was a substantive change in the law affecting his fundamental right to liberty. Because the legislature clearly intended that the amendments to the SVP statute apply retroactively, and because the retroactive application of the SVP statute is not unconstitutional, the probate court did not err in applying the amended statute to Murphy's case. Accordingly, we affirm the judgment of the probate court.

Factual and Procedural History

Murphy pleaded guilty to first-degree sexual abuse on September 20, 1983, and was sentenced to prison. Murphy was scheduled to be released from prison on May 2, 2013. On April 16, 2013, the State filed a petition pursuant to Sections 632.480 through 632.513 ("Missouri's SVP statute") to civilly commit Murphy as an SVP. The petition stated that Murphy had been convicted of first-degree sexual abuse and suffered from a mental abnormality that made him more likely than not to engage in predatory acts of sexual violence if released.

2

Missouri's SVP statute establishes the process by which the State may civilly commit a person determined to be an SVP. Under the statute, an SVP is defined as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who... [h]as pled guilty or been found guilty in this state or any other jurisdiction... of a sexually violent offense. Section 632.480(5). Section 632.480(4) lists a number of offenses that qualify as "sexually violent offenses." In April of 2013, when the State filed its petition to commit Murphy as an SVP, Section 632.480(4) listed only "sexual abuse" among the qualifying offenses.

The probate court held a probable cause hearing on May 1, 2013. Dr. Amy Griffith, a psychologist with the Department of Corrections who evaluated Murphy, testified that Murphy met the criteria of an SVP because: (a) from 1972-2007, Murphy had been arrested or convicted for sexual offenses involving children on at least six different occasions, including a 1983 conviction in the Circuit Court of Marion County for two counts of first-degree sexual abuse for subjecting two children less than 12 years of age to sexual contact; (b) he suffered from a mental abnormality, namely pedophilia; and (c) he was more likely than not to sexually re-offend if not confined to a secure facility due to a combination of high risk scores on the actuarial instruments and factors unique to Murphy—including his own statements that he would possibly be attracted to children if released and had "hope" that he would be referred as an SVP because he could "use the help" to avoid sexually reoffending.

At the hearing, Murphy did not object to first-degree sexual abuse qualifying as a sexually violent offense under Section 632.480(4). At the conclusion of the hearing, the probate court entered a finding of probable cause.

3

On July 2, 2013, the Governor of Missouri signed HB 215 into law, which, among other things, amended the definition of a "sexually violent offense" in Section 632.480(4). Among the changes made to Section 632.480(4) by HB 215 was the addition of "sexual abuse in the first degree" to the list of offenses that qualify as sexually violent offenses. In addition, HB 215 included the following language:

> It is the intent of the legislature to reject and abrogate earlier case law interpretations on the meaning of or definition of "sexually violent offense" to include, but not be limited to, holdings in: Robertson v. State, 392 S.W.3d 1 (Mo. App. W.D., 2012); and State ex rel. Whitaker v. Satterfield, 386 S.W.3d 893 (Mo. App. S.D., 2012); and all cases citing, interpreting, applying, or following those cases. It is the intent of the legislature to apply these provisions retroactively.

The immediate enactment of HB 215 was deemed "necessary for the immediate preservation of the public health, welfare, peace, and safety." Thus, HB 215 became law on July 2, 2013.

On August 21, 2013, Murphy filed a motion to dismiss the State's petition, arguing that he lacked a qualifying sexually violent offense under Section 632.480(4). Specifically, Murphy alleged that at the time the State filed its petition, first-degree sexual abuse was not a qualifying sexually violent offense under the SVP statute as a result of the holdings in Robertson and Whitaker.[2] The State filed a response; the motion was argued; and the probate court subsequently entered judgment denying Murphy's motion to dismiss.

In denying Murphy's motion to dismiss, the probate court concluded that the legislature clearly expressed its intent to apply HB 215 retroactively and abrogate the holdings in Robertson and Whitaker. The probate court further concluded that HB 215 was not unconstitutionally

---

[2] In Robertson, the Western District determined that deviate sexual assault in the first degree was not a qualifying sexually violent offense under the original version of Section 632.480(4) because only "deviate sexual assault" was found among the list of sexually violent offenses. Robertson, 392 S.W.3d 1. In Whitaker, the Southern District applied the same logic in holding that first-degree sexual assault was not a qualifying sexually violent offense under the original version of Section 632.480(4) because only "sexual assault" was listed. Whitaker, 386 S.W.3d 893. Applying the same reasoning to sexual abuse and first-degree sexual abuse would mean that first-degree sexual abuse was not a qualifying sexually violent offense under the original version of Section 632.480(4). However, as mentioned above, HB 215 specifically abrogated Robertson and Whitaker and amended Section 632.480(4) to include first-degree sexual abuse among the list of sexually violent offenses.

4

retrospective because the amended SVP statute "does not attach new obligations or duties." Instead, the probate court found that the statute's requirement that a person be found guilty of a sexually violent offense "is no more than a predicate portion of the calculus utilized in determining whether a respondent meets the criteria as a sexually violent predator." As a result, the probate court determined that application of the amended SVP statute to the State's petition would not run afoul of the Constitution. Because first-degree sexual abuse is one of the enumerated offenses set out as a qualifying sexually violent offense under the amended version of Section 632.480(4), the probate court denied Murphy's motion to dismiss.

On June 27, 2014, the parties filed a stipulation in which they agreed that Murphy could be committed as an SVP but that Murphy did not waive any issues preserved in the motions filed during the course of the proceedings. The probate court accepted the stipulation and entered a judgment and commitment order confining Murphy to the custody of the Department of Mental Health as an SVP. This appeal follows.

## Point on Appeal

In his sole point on appeal, Murphy argues that the probate court erred in denying his motion to dismiss because he did not qualify for commitment as an SVP. Murphy posits that at the time the State filed its petition to have him committed, first-degree sexual abuse was not a qualifying offense under Section 632.480(4), and that the retroactive application of HB 215 to Murphy violates his constitutional rights because HB 215 was a substantive change in the law that affected his fundamental right to liberty.

## Standard of Review

Ordinarily, a denial of a motion to dismiss is not considered a final judgment and is not appealable. In re O.J.B., 436 S.W.3d 726, 728 (Mo. App. W.D. 2014). However, an order

5

denying a motion to dismiss can be considered as part of the appeal from a final judgment. Id. at 728-29. Here, Murphy appeals from the judgment committing him as an SVP. Murphy argues that the judgment was in error because he had not committed a qualifying sexually violent offense. We must determine whether first-degree sexual abuse constituted a sexually violent offense under the relevant law, which is a question of law. Thus, our review is *de novo* and no deference is given to the trial court's opinion. Boulevard Inv. Co. v. Capitol Indem. Corp., 27 S.W.3d 856, 858 (Mo. App. E.D. 2000). Whether the retroactive application of the statutory amendment is constitutional is also a matter of law, which we review *de novo*. State v. Richard, 298 S.W.3d 529, 531 (Mo. banc 2009).

## Discussion

Missouri's SVP statute establishes the process by which the State may seek civil commitment of an SVP. Under the statute, an SVP is defined as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility *and* who... [h]as pled guilty or been found guilty in this state or any other jurisdiction... of a *sexually violent offense.* Section 632.480(5) (emphasis added).

In April 2013, when the State filed its petition to commit Murphy as an SVP, Section 632.480(4) defined a "sexually violent offense" as:

> the felonies of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first or second degree, *sexual abuse,* sexual assault, deviate sexual assault, or the act of abuse of a child as defined in subdivision (1) of subsection 1 of section 568.060, RSMo, which involves sexual contact, and as defined in subdivision (2) of subsection 1 of section 568.060, RSMo. (emphasis added)

6

On July 2, 2013, HB 215 went into effect, which amended Section 632.480(4) to define a "sexually violent offense" as:

> the felonies of rape in the first degree, forcible rape, rape, statutory rape in the first degree, sodomy in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first or second degree, *sexual abuse, sexual abuse in the first degree*, rape in the second degree, sexual assault, sexual assault in the first degree, sodomy in the second degree, deviate sexual assault, deviate sexual assault in the first degree, or the act of abuse of a child involving either sexual contact, a prohibited sexual act, sexual abuse, or sexual exploitation of a minor, or any felony offense that contains elements substantially similar to the offenses listed above.

Section 632.480(4) (emphasis added). The pertinent difference between the two versions of the statute is that the original statute included only "sexual abuse" in the list of sexually violent offenses, while the July 2013 amendment lists both "sexual abuse" and "first-degree sexual abuse" as sexually violent offenses. Murphy pleaded guilty to first-degree sexual abuse in 1983.

Murphy contends that first-degree sexual abuse was not a qualifying sexually violent offense under the version of Section 632.480(4) in effect at the time the State filed its petition, and therefore, he did not commit a qualifying sexually violent offense under the statute. Accordingly, Murphy argues that he was not eligible for civil commitment as an SVP. Murphy also argues that the amendment to Section 632.480(4) adding first-degree sexual abuse as a sexually violent offense came into effect only after the State filed its petition to seek civil commitment of Murphy as an SVP, and may not constitutionally be applied retroactively to him. Respondent maintains that the amendment to Section 632.480(4) can and should be applied retroactively to Murphy's case, making Murphy eligible for civil commitment as an SVP. Respondent reasons that the amendment to Section 632.480(4), which was enacted while the State's petition was pending and prior to Murphy's motion to dismiss, was expressly intended by the legislature to be applied retroactively, and is not unconstitutionally retrospective.

7

The main issue before us is straightforward: whether the amendment to Section 632.480(4) adding first-degree sexual abuse as a sexually violent offense may be constitutionally applied retroactively to Murphy. If we answer in the affirmative, the judgment of the probate court must be affirmed.[3] In determining whether a statute may be applied retroactively, we are required to undertake a two-step analysis. First, we must determine whether the law was intended to operate retroactively. If so, then we must determine whether the law is unconstitutionally retrospective.[4] State ex rel. Schottel v. Harman, 208 S.W.3d 889, 892 (Mo. banc 2006)

**I. The legislature expressly intended HB 215 to apply retroactively.**

Under Section 1.150, new statutes are presumed to operate prospectively unless "otherwise expressly provided." Section 1.150. Thus, statutes are presumed to operate prospectively "unless the legislative intent that they be given retroactive application clearly appears from the express language of the act or by necessary or unavoidable implication." Dept. of Soc. Servs. v. Villa Capri Homes, Inc.,

684 S.W.2d 327, 332 (Mo. banc 1985) (internal quotations omitted).

Here, the express language of HB 215 reveals a clear legislative intent to apply the provisions of the bill retroactively. HB 215 included specific language declaring that "[i]t is the intent of the legislature to apply these provisions retroactively." The legislature was also careful to include language in HB 215 expressly abrogating the holdings of Robertson and Whitaker, thus explicitly stating its disagreement with those courts' interpretations of Section 632.480(4)

---

[3] Murphy does not dispute the probate court's finding that he suffers from a mental abnormality making him more likely than not to engage in predatory acts of violence if not confined. Instead, Murphy disputes the other required finding for civil commitment as an SVP, that he has pled guilty or been found guilty of a "sexually violent offense." Section 632.480(5).

[4] The terms "retroactive law" and "retrospective law" are used synonymously. See Black's Law Dictionary (9th ed. 2009).

8

and reaffirming its intent to apply HB 215 retroactively. As the legislature expressly provided for retroactive application of the amended statute, the presumption of prospective operation is overcome.

## II. The amended SVP statute is not unconstitutionally retrospective.

Having determined that the legislature expressly intended the provisions of HB 215 to apply retroactively, we turn to the second step of the analysis, which requires us to consider whether the retroactive application of the statutory amendment to Section 632.480 is unconstitutional. We note that a law "will not be invalidated unless it 'clearly and undoubtedly' violates some constitutional provision and 'palpably affronts fundamental law embodied in the constitution.'" Richard, 298 S.W.3d at 531 (quoting Board of Educ. of City of St. Louis v. State, 47 S.W.3d 366, 368–69 (Mo. banc 2001)). Moreover, the party challenging a statute's constitutionality bears the burden of proving that the statute is unconstitutional. State v. Young, 362 S.W.3d 386, 390 (Mo. banc 2012). Yet, while statutes are presumed to be constitutional, we are guided by Article I, Section 13 of the Missouri Constitution which expressly prohibits retrospective laws. Id.

A law is unconstitutionally retrospective if it "creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." Doe v. Phillips, 194 S.W.3d 833, 850 (Mo. banc 2006). However, a law will not be considered unconstitutionally retrospective if the law "relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of an entity for the purpose of its operation." Schottel, 208 S.W.3d at 892.

9

Missouri courts grappling with this distinction are guided by the Missouri Supreme Court's reasoning in Doe v. Phillips. In Phillips, the Court held that a new statute requiring individuals to register as sex offenders based solely on guilty pleas and convictions which occurred prior to the enactment of the law was "truly... retrospective in its operation." Phillips, 194 S.W.3d at 852. The basis for the Court's conclusion was that the registration requirement looked "solely at [appellant's] past conduct" – offenses committed prior to the enactment of the law – and used that conduct "not merely as a basis for future decision-making by the state," but rather, to require an individual to fulfill new obligations and duties based solely on pre-act offenses. Id. Thus, because the registration requirement imposed a new duty or obligation on individuals based solely on offenses which occurred prior to the enactment of the statute, the Court held the statute to be unconstitutionally retrospective.

The guiding instructive principle espoused in Phillips is that a retroactive law is unconstitutionally retrospective if it imposes an affirmative obligation or duty on an individual based solely on conduct preceding the effective date of the law, but is *not* unconstitutionally retrospective if the statute considers that past conduct only "as a basis for future decision-making by the state." Id. Here, the amendment to Section 632.480 embodied in HB 215 does precisely the latter. The primary effect of HB 215 was to amend and clarify the definition of "sexually violent offense" found in Section 632.480(4). The amended statute did not impose upon Murphy any new duties or obligations solely based on his prior offense. Instead, the amended statute merely considers Murphy's past conduct "as a basis for future decision-making by the state," specifically, the SVP civil commitment process.

The function of the SVP civil commitment process is to assess the mental state of the sexual offender and the likelihood that he will commit future acts of predatory sexual violence.

10

In re Care & Treatment of Spencer, 123 S.W.3d 166, 169 (Mo. banc 2003). While the commission of a qualifying sexually violent offense is a necessary prerequisite to an individual being civilly committed as an SVP, the statute requires the additional finding that the individual "suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility." Section 632.480(5). As a result, unlike the statute at issue in Phillips, the amendment to Section 632.480 does not impose any new duties or obligations on Murphy as a result of his prior conviction for first-degree sexual abuse. We agree with the probate court's analysis that the statute's requirement of finding a qualifying sexually violent offense "is no more than a predicate portion of the calculus utilized in determining whether a respondent meets the criteria as a sexually violent predator."

We do not take lightly the fact that civil commitment as an SVP substantially impacts Murphy's fundamental right of liberty. In re Care & Treatment of Norton, 123 S.W.3d 170, 173 (Mo. banc 2003). However, the amendment to Missouri's SVP statute at issue here simply does not impose upon Murphy any new obligations or duties solely by virtue of his pre-amendment offense. Instead, the amended statute merely looks at Murphy's prior conduct as a predicate before the probate court may consider evidence of whether Murphy currently suffers from a mental abnormality which makes him more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility. Section 632.480(5). This critical analysis was not altered in any way by HB 215. Given these facts, we hold that HB 215's amendment of Section 632.480 to include first-degree sexual abuse in the list of sexually violent offenses does not constitute an unconstitutionally retrospective law.

## Conclusion

Because the legislature clearly intended the amended SVP statute to apply retroactively, and because the law is not unconstitutionally retrospective, the probate court did not err in applying the amended SVP statute to Murphy's case and denying his motion to dismiss. The judgment of the probate court is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., concurs
Gary M. Gaertner, Jr., concurs

12