

# NUMBER 13-22-00068-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ELIZABETH REYNOLDS

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria[1]

Relator Elizabeth Reynolds has filed a petition for writ of mandamus seeking "to compel the judge of the trial court and the court reporter to provide relator with a copy of the jury voir dire in her criminal trial proceeding, or in the alternative, to produce a copy of the recorded trial transcript or motion whereby the parties excused the making of the jury voir dire trial transcripts." Relator asserts that the trial court and court reporter have refused to produce and transcribe the voir dire proceedings, and relator requires them in

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

order to file an application for habeas corpus relief under article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. On direct appeal, we affirmed relator's conviction for the offense of criminal solicitation of capital murder. *See Reynolds v. State*, No. 13-05-00643-CR, 2007 WL 2199638, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 2, 2007, no pet.) (mem. op., not designated for publication). The Texas Court of Criminal Appeals subsequently denied relator's application for writ of habeas corpus based on the alleged ineffective assistance of counsel. *See Ex parte Reynolds,* No. WR-76,129-02, 2011 WL 4970823, at *1 (Tex. Crim. App. Oct. 19, 2011) (order, per curiam) (not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain relief against the judge of the trial court, and we lack jurisdiction to issue mandamus relief against the court reporter. *See Padieu v. Court of Appeals of Tx., Fifth Dist.*, 392 S.W.3d

2

115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam); *In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam). Accordingly, we deny the petition for writ of mandamus in part as to the relief sought against the judge of the trial court, and we dismiss the petition for writ of mandamus in part for want of jurisdiction as to the relief sought against the court reporter.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of February, 2022.