Mary R. Russell, Judge
Robert Casey died from mesothelioma caused by repeated exposure to asbestos in the workplace. Before his death, Mr. Casey filed a claim for workers' compensation benefits, with which his widow, Dolores Murphy, proceeded following his death. The Labor and Industrial Relations Commission determined that because Mr. Casey's exposure to asbestos occurred while he was employed by E.J. Cody Company, Inc. ("Employer"), its insurer, Accident Fund National Insurance Company ("Insurer"), was liable to Ms. Murphy for benefits under section 287.200.4, RSMo 2014.[1] All parties appealed.[2] Insurer and Employer argue, among other things, that section 287.200.4 violates article I, section 13 of the Missouri Constitution, which prohibits retrospective laws. Ms. Murphy contends the Commission erred by failing to include Mr. Casey's eight adult children as beneficiaries of the award. For the following reasons, the Commission's decision is affirmed as modified by this opinion to include Mr. Casey's eight children in the final award. Rule 84.14.
Background
Mr. Casey spent his career working as a floor tile installer for several different companies. He last worked for Employer, a construction contractor in the business of installing acoustical ceilings and floor tiles. Mr. Casey began in 1984 in a part-time capacity but advanced to full-time employment in 1987. He continued working for Employer until his retirement in 1990.[3]
In his trade, Mr. Casey worked closely with asbestos-laden materials, primarily vinyl asbestos tile ("VAT"). Employer became aware of the dangers of asbestos in "the mid-1980s" and later discontinued its use of VAT in new projects. Asbestos exposure persisted for Mr. Casey, however, as he was frequently tasked with removing existing VAT when installing new, asbestos-free *79 floor tiles. This practice required cutting, scraping, and sweeping asbestos tiles and cutback, which produced a dust containing asbestos fibers Mr. Casey regularly inhaled. He performed this work without the protection of an asbestos abatement suit or mask.
Due to his extensive asbestos exposure, Mr. Casey was diagnosed with mesothelioma in the fall of 2014. He filed a claim for workers' compensation benefits against Employer in February 2015. At the time he filed the claim, Employer was covered under an insurance policy purchased from Insurer. The policy included an endorsement titled "Missouri Notification of Additional Mesothelioma Benefits Endorsement," providing in pertinent part:
Section 287.200.4, subdivision (3), of the Missouri Revised Statutes provides additional benefits in the case of occupational diseases due to toxic exposure that are diagnosed to be mesothelioma and result in permanent total disability or death. Your policy provides insurance for these additional benefits.
By accepting this policy, Employer opted in to liability coverage for the additional mesothelioma benefits provided by section 287.200.4, which allows for enhanced compensation for "all [mesothelioma ] claims filed on or after January 1, 2014."
Mr. Casey passed away from his mesothelioma while his claim was still pending. An amended claim for compensation was filed thereafter, naming Ms. Murphy and Mr. Casey's eight children as claimants. During a hearing held in front of an administrative law judge ("ALJ"), an oral motion to substitute Ms. Murphy as the claimant was sustained. The ALJ found Employer liable under Missouri's last exposure rule,[4] awarding section 287.200.4's enhanced mesothelioma benefits to Ms. Murphy and Mr. Casey's eight children.
Employer and Insurer both appealed to the Commission. The Commission largely affirmed the ALJ's decision but did so on alternative grounds, finding the last exposure rule did not apply to claims made under section 287.200.4. It also limited recovery to Ms. Murphy. The Commission determined Ms. Murphy to be the sole proper claimant because the amended claim "did not identify employee's children as dependents or claimants, nor is there any motion on the record before us to include these individuals as parties to any award in this matter." All parties appeal this decision.
Standard of Review
This Court reviews the Commission's decision to determine whether it is supported by competent and substantial evidence. Mo. Const. art. V, sec. 18. A decision of the Commission will be disturbed only if (1) the Commission acted without authority or in excess of its authority; (2) the award was procured by fraud; (3) the facts do not support the award; or (4) there was not sufficient, competent evidence to justify the award. Section 287.495.1. Questions of law, including those involving statutory interpretation, are reviewed de novo. White v. ConAgra Packaged Foods, LLC , 535 S.W.3d 336, 338 (Mo. banc 2017).
Analysis
All three parties raise arguments on appeal. Insurer asserts it cannot be liable for Ms. Murphy's claim of benefits because *80 it did not insure Employer at the time of Mr. Casey's last exposure. In the alternative, it argues section 287.200.4 violates the Missouri Constitution's prohibition against retrospective laws and also contends the Commission erred by substituting Ms. Murphy for Mr. Casey as a claimant. Employer echoes Insurer's constitutional argument and further asserts the Commission's award was not supported by sufficient evidence. Ms. Murphy, meanwhile, posits the Commission erred in excluding Mr. Casey's eight adult children from the final award of benefits. These arguments are addressed in turn.
I. Insurer is Liable for the Enhanced Mesothelioma Benefits
Missouri's workers' compensation law was amended in 2014 to provide enhanced compensation for individuals diagnosed with occupational diseases such as mesothelioma. Section 287.200.4(3). Coverage is provided for "all claims filed on or after January 1, 2014, for occupational diseases due to toxic exposure which result in a permanent total disability or death." Section 287.200.4. Employers may either accept or reject liability for mesothelioma. If an employer elects to accept liability, it must insure its "entire liability" under the act, which includes accepting all of the act's provisions. Section 287.280.1; Allen v. Raftery , 237 Mo.App. 542, 174 S.W.2d 345, 350 (1943). In other words, an insurer cannot avoid certain liabilities by constructing its policy to exclude certain provisions of the workers' compensation statute and cover only the provisions it prefers.
Employer elected to accept mesothelioma liability under section 287.200.4 and purchased a policy from Insurer to cover these "additional benefits" by selecting a policy that explicitly contemplated enhanced compensation for mesothelioma claims filed on or after January 1, 2014. The triggering occurrence-the event commencing liability coverage-is the filing of a claim. This Court gives the language in an insurance policy its plain meaning, "or the meaning that would be attached by an ordinary purchaser of insurance." Doe Run Res. Corp. v. Am. Guar. & Liab. Ins. , 531 S.W.3d 508, 511 (Mo. banc 2017). An ordinary purchaser of insurance would understand, per its own policy, Insurer covered Employer for all liabilities arising out of all mesothelioma claims filed on or after January 1, 2014-including Mr. Casey's claim, which was filed in February 2015.
Insurer nevertheless argues that, irrespective of the plain policy language, it cannot be held liable for the award of compensation because it did not insure Employer in 1990-when Mr. Casey was last exposed to asbestos. Section 287.063.2, deemed the "last exposure rule," provides the "employer liable for [workers' compensation benefits] shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease." Insurer's policy itself contains similar limitations, stating the "employee's last day of last exposure to the conditions causing or aggravating [the occupational disease] must occur during the policy period."
Insurer's policy also states its terms may not be changed "except by endorsement issued by us to be part of this policy." The mesothelioma endorsement adopts section 287.200.4 and, as a result, adopts that section's provision of enhanced benefits for occupational disease claims filed on or after January 1, 2014-modifying the policy with respect to these additional mesothelioma benefits. In addition, the policy provides the "terms of this insurance that conflict with the workers['] compensation law are changed to conform to that law." Accordingly, any policy provision *81 purporting to contravene section 287.200.4 or Insurer's acceptance of it is of no effect.
Further, the last exposure rule is immaterial here. The policy Employer purchased explicitly covers the benefits proffered by section 287.200.4, which contains no qualifying language as to the date of last exposure or injury and limits coverage only by way of conditioning it on the filing of a claim after January 1, 2014. Through this policy, Employer accepted, and Insurer provided, liability insurance for the enhanced benefits-the only benefits Mr. Casey sought (and Ms. Murphy now seeks). The relevant inquiry in this matter is not under whose employment Mr. Casey was last exposed, but whether the terms of Employer's policy provide coverage. The answer is clear. Insurer provided coverage to Employer by expressly adopting section 287.200.4 into its endorsement.
If recovery under section 287.200.4 were limited to individuals who were last exposed to asbestos during the policy period, this policy's mesothelioma endorsement-and similar provisions in countless other insurance policies-would be rendered essentially worthless.[5] It would allow insurance companies to provide illusory, hollow policies. Because individuals are no longer regularly exposed to asbestos in the workplace, the pool of individuals who were last exposed to asbestos in 2015 is miniscule, if any. Further, if an individual was last exposed to asbestos on or after January 1, 2014, it is quite possible that, due to the long latency period of the disease, mesothelioma symptoms would not manifest until long after the enhanced benefits provided under section 287.200.4 have expired. The Commission's decision finding the claim originally filed by Mr. Casey and succeeded by Ms. Murphy was covered under the policy is supported by competent and substantial evidence.
II. Section 287.200 is Constitutional as Applied
Insurer and Employer argue section 287.200.4 is unconstitutional as applied to this case because it allowed Mr. Casey to retrospectively recover for a disease caused by asbestos exposure that last occurred decades before the filing of his claim.[6] A retrospective law "impair[s] vested rights acquired under existing laws." State ex rel. Schottel v. Harman , 208 S.W.3d 889, 892 (Mo. banc 2006). If a law "creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past" or "[gives] to something already done a different effect from that which it had when it transpired," it is a retrospective law. Id. A law is not retrospective merely because it "relates to prior facts or transactions but does not change *82 their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of an entity for the purpose of its operation." Id.
Statutes are presumed valid and will not be found unconstitutional unless they clearly violate a constitutional provision. Id. Absent evidence of clear legislative intent to the contrary, this Court presumes all statutes operate prospectively, not retrospectively. Id.
Section 287.200.4 is not a retrospective law. Because Insurer affirmatively assented to providing these enhanced benefits, the new law does not impair any vested right Employer or Insurer once held. Furthermore, section 287.200 does not create any new duty or obligation with regard to past transactions or give any past transaction a new legal effect. Insurer provided, and Employer accepted, coverage "for ... additional benefits [provided by section 287.200.4(3) ]," and, in turn, they provided and accepted coverage for Mr. Casey's claim, filed February 2015.
Further, this statute does not transform past occurrences into cognizable claims, but provides additional benefits for new claims filed under the new law. It was not until after the amendments went into effect that Insurer and Employer contracted for coverage, and it was only after they entered into the contract that Mr. Casey filed his claim seeking workers' compensation benefits under the new statutory provisions. That certain facts, such as Mr. Casey's exposure, are antecedent to the amendments does not render the law retrospective. Because this case operates entirely on facts subsequent to the 2014 amendments, section 287.200 is not a retrospective law as applied to this claim.
III. Proper Claimants
All parties raise concerns as to the propriety of the claimants in this case. Insurer argues the Commission improperly allowed the substitution of Ms. Murphy as a claimant because she failed to file a formal suggestion of Mr. Casey's death or a written motion for substitution. Ms. Murphy argues the Commission erred by mistakenly omitting Mr. Casey's eight adult children from the final award of compensation benefits. Employer, meanwhile, posits the statute improperly extends liability benefits to non-dependent children.
The substitution of Ms. Murphy for Mr. Casey was not improper. If a workers' compensation claimant dies while the claim is pending, "the same shall not abate, but on notice to the parties may be revived and proceed in favor of the successor to the rights or against the personal representative of the party liable, in like manner as in civil actions." Section 287.580. In civil actions, substitution is achieved by filing a suggestion of death and then, within 90 days, filing a motion to substitute. Rule 52.13. But "[a]s a general proposition, the Missouri Rules of Civil Procedure, including its pleading requirements, do not apply to workers' compensation actions, unless the statute implicates the application of a specific rule." U.S. Dep't of Veterans Affairs v. Boresi , 396 S.W.3d 356, 363 (Mo. banc 2013) (internal quotation omitted). "Chapter 287 has minimal requirements for its pleadings or motions." Id. at 362. Workers' compensation proceedings are "simple, informal, and summary." Section 287.550.
Ms. Murphy filed an amended claim on October 28, 2015, naming herself and Mr. Casey's children as claimants and notifying the other parties by letter of her intent to proceed. Because the amended claim notified all other parties of the original claimant's death, it was a de facto suggestion of *83 death. Indeed, Insurer and Employer were clearly on notice of the substitution, as both parties filed answers to the amended claim.
Moreover, Ms. Murphy made an oral motion for substitution of parties at the outset of the ALJ hearing on January 7, 2016-within the 90-day window for such a motion under Rule 52.13. Though the Missouri Rules of Civil Procedure are not mandatory in workers' compensation actions, the substitution of Ms. Murphy substantially tracked the procedural rules and was "in like manner as in civil actions" as required under section 287.580. The procedure here was sufficient to properly substitute Ms. Murphy for Mr. Casey.
In her amended claim, Ms. Murphy listed Mr. Casey's eight adult children as eligible claimants for the workers' compensation benefits, but the Commission excluded the children from the award. Based on the Commission's written decision, Ms. Murphy infers this exclusion was inadvertent. The Commission stated in a footnote: "the amended claim for compensation, filed October 28, 2015, did not identify employee's children as dependents or claimants, nor is there any motion on the record before us to include these individuals as parties to any award in this matter. For this reason, we have identified Dolores Murphy as the sole claimant herein." Ms. Murphy concludes the Commission likely overlooked a separate third document attached to the amended claim, which listed all eight individuals as eligible claimants.[7] Ms. Murphy requests this Court add the children to the Commission's award or, in the alternative, remand the case to the Commission so it can correct the error.
Employer argues the amended statute improperly allows Mr. Casey's non-dependent children to recover benefits. But there is no limit on a child's recovery based upon dependency status in the amended section 287.200, unlike other workers' compensation provisions.[8] This section provides, "Notwithstanding any other provision of this chapter to the contrary," if an employee dies before the enhanced mesothelioma benefits are paid, the "benefits are payable to the employee's spouse or children. " Section 287.200.4(5) (emphasis added). This Court gives the words of a statute their plain and ordinary meaning. Mantia v. Mo. Dep't of Transp. , 529 S.W.3d 804, 809 (Mo. banc 2017). Ms. Murphy used Box 21-"Additional Statements"-to refer to the attached sheet on which she set out the eight surviving children who were also making a claim for benefits. Mr. Casey's children are not precluded from recovering benefits, as they were properly delineated as claimants.
Because section 287.200.4 does not limit recovery to dependent children, but allows all children to recover, and because the children were properly listed on the amended claim, they should have been included in the final award. Although the Commission's omission of the children was inadvertent, it was nevertheless in error. This Court modifies the Commission's decision to include Mr. Casey's children in the final award. Rule 84.14.
*84 Conclusion
For the foregoing reasons, this Court affirms the Commission's decision as modified by this opinion. Rule 84.14.
All concur.

Unless otherwise specified, all additional statutory references are to RSMo 2014.

The court of appeals transferred the case to this Court upon finding a "real and substantial" constitutional question invoking this Court's exclusive appellate jurisdiction under article V, section 3 of the Missouri Constitution.

At the time of Mr. Casey's last employment, Employer was insured by the now-defunct California Compensation Insurance Company.

Section 287.063.2 provides the "employer liable for the compensation in this section shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease prior to evidence of disability, regardless of the length of time of such last exposure."

In construing a contract, meaning is given to all provisions. Martin v. U.S. Fid. and Guar. Co. , 996 S.W.2d 506, 511 (Mo. banc 1999).

Ms. Murphy posits this constitutional argument was not properly preserved for appellate review because Insurer and Employer did not raise any retrospectivity issue in their initial answers. But it was not necessary for either party to raise the issue at the ALJ level or before the Commission to raise it on appeal. A constitutional challenge must be raised at the first available opportunity. Mayes v. Saint Luke's Hosp. of Kansas City , 430 S.W.3d 260, 266 (Mo. banc 2014). Because the Commission had no authority to make constitutional findings on this issue, the parties were not required to raise the retrospectivity issue at the administrative level to preserve it for appeal. Thompson v. ICI Am. Holding , 347 S.W.3d 624, 634 n.6 (Mo. App. 2011). Regardless, it was raised before the Commission: Insurer alleged the ALJ retrospectively applied section 287.200.4, in violation of the Missouri Constitution. The Commission correctly declined to address the issue, noting it had been preserved for appeal.

Ms. Murphy further alleges the Commission's secretary, when notified of the mistake, requested she file a motion to correct the award. Though timely filed, Insurer filed a notice of appeal and the Commission lost its jurisdiction over the matter before it could rule on the motion.

For example, "The employer shall [ ] pay to the dependents of the employee a death benefit on the employee's average weekly earnings during the year immediately preceding the injury that results in the death of the employee." Section 287.240(2).