

# Missouri Court of Appeals

## Southern District

### Division Two

BUTTERBALL, LLC                                )
                                               )
    Appellant,                )
                                               )
vs.                                            ) No. SD36205
                                               )
MADELEINE DOBRAUC, Personal                    )
Representative of the Estate of                )
MANUEL DUARTE, and                             ) **Filed:  April 20, 2020**
TREASURER OF THE STATE OF MISSOURI             )
AS CUSTODIAN OF THE SECOND INJURY              )
FUND,                                          )
                                               )
    Respondents.              )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **AFFIRMED**

Butterball, LLC ("Employer") appeals from an award of workers' compensation benefits to the estate of Manuel Duarte ("Employee").  Employee died in December 2017, before the Labor and Industrial Relations Commission (the "Commission") issued its original final award, which was later voided.  Thereafter, the Commission permitted the personal representative ("PR") of Employee's estate to be substituted as Employee's successor in interest.  The Commission ultimately affirmed the award of the Administrative Law Judge ("ALJ") with minor modifications.

Employer raises four points on appeal.  Points 1 and 2 relate to the allegedly untimely substitution of Employee's successor in interest.  Points 3 and 4 challenge the award as not based on sufficient competent evidence.  Because the workers' compensation claim survived Employee's death and was pursued by the PR of his estate to final award, and because there was sufficient competent evidence to support the Commission's award, we affirm.

## Background & Procedural History

Employee was about 65 years old when he began working for Employer in 2006.  He used his right hand to cut meat from turkeys on a processing line.  Around January of 2009, he began experiencing pain and swelling in his right shoulder.  He reported the injury to his supervisor, who told Employee to ice his shoulder during his breaks every two hours.  Employee's last date of employment was in March of 2009.

Employee sustained a full-thickness tear of his rotator cuff and right shoulder impingement, among other things.  He underwent shoulder surgery in June of 2009 and again in April of 2010, after which he experienced constant pain and limited range of motion in his right shoulder.  Employee attempted to return to work with Employer but was turned away due to his shoulder condition.  He found no other work.

Employee timely filed a workers' compensation claim in March of 2011.  A hearing was held in April of 2017.  In its award, dated June 14, 2017, the ALJ found Employee sustained an occupational disease arising out of and in the course and scope of his employment and that Employee's work was the prevailing factor causing Employee's right shoulder condition.  The ALJ found in Employee's favor and awarded 56 weeks of temporary disability, permanent total disability, and future medical expenses.

In June of 2017, Employer timely applied for review by the Commission. On December 9, 2017, while the award was still under review, Employee died of health issues unrelated to his work injury. Employee's counsel did not notify the Commission or Employer's counsel of Employee's death at oral argument before the Commission in February of 2018, or at any time before May 10, 2018, when the Commission issued a final award affirming the ALJ's award with slight modifications.

On June 25, 2018, Employer filed a suggestion of death, asserting that it had just become aware of Employee's death. The certificate of service accompanying Employer's suggestion of death shows it was served on counsel for Employee and counsel for the Second Injury Fund. On August 8, 2018, Employee's counsel filed a "RESPONSE OF [EMPLOYEE] TO THE SUGGESTIONS OF DEATH[,]" stating that Employee, and his estate, were "entitled to the benefits awarded" to him. No motion or request for relief was made. Counsel's signature block indicated she was submitting the document as "Attorney for [Employee]."[1]

In an order dated September 21, 2018, the Commission acknowledged these filings and that it had to determine whether it could consider the response from Employee's counsel, given that the attorney-client relationship generally terminates on the death of the client and that no entry of appearance had been entered on behalf of Employee's estate or successor in interest. The Commission inferred from the allegations

---

[1] The record's only explanation for Employee's counsel's failure to notify the Commission of Employee's death is contained in her August 8, 2018 Response where she states that, although she knew Employee had died, his death was "irrelevant" to the proceeding before the Commission. We disagree. When a client dies, Rule 4-1.16(d) requires an attorney to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation. "The most logical person to advise the court of the death of the party is the attorney representing him." *Holmes v. Arbeitman*, 857 S.W.2d 442, 444 (Mo. App. E.D. 1993).

in the August 8, 2018 response that Employee's counsel had been retained by Employee's estate or successor and was authorized to make stipulations of fact on behalf of the estate or successor. Citing section 287.580 and Rule 52.13(a)(1), the Commission found that Employee died while proceedings were pending and "no substitution of parties has been requested pursuant to § 287.580 in order to revive the claim[.]"[2] The May 10, 2018 award was declared to be void and the matter remained pending. Counsel was instructed, "Upon proper substitution of parties, the Commission will take up and issue an award in this matter in due course."

On September 25, 2018, Employee's attorney, as "Attorney for Employee" filed a "MOTION FOR SUBSTITUTION OF PARTY" (the "Motion") in which counsel informed the Commission that Employee's daughter, Madeleine Dobrauc ("Daughter"), "has agreed to be substituted in place of her father for the purpose of concluding this action." The certificate of service attached to the Motion showed service on counsel for the other parties on September 25, 2018. That same date, Employer filed a motion to dismiss pursuant to Rule 52.13, arguing no motion to substitute had been filed within 90 days of the filing of a suggestion of death and so the Commission must dismiss the claim without prejudice.

In October of 2018, Employer objected to the Motion on three grounds: (1) untimeliness as asserted in its motion to dismiss; (2) failure to allege Daughter was Employee's successor as required by statute; and (3) Daughter did not sign or file the Motion and Employee's counsel did not enter an appearance on behalf of Daughter or otherwise claim to represent her.

---

[2] All statutory citations are to RSMo. as amended through 2009, the date of Employee's injury. *See* ***Elsworth v. Wayne County***, 547 S.W.3d 599, 600 (Mo. App. S.D. 2018). All rule references are to Missouri Court Rules (2018).

4

On October 22, 2018, Employee's counsel submitted a response on behalf of Employee, arguing: (1) Rule 52.13(a)(1) does not apply to workers' compensation cases; and (2) even if it does, the Motion was timely because the envelope in which it was mailed was postmarked September 24, 2018.

Citing section 287.580, Rule 52.13, and ***Accident Fund Ins. Co. v. Casey***, 550 S.W.3d 76 (Mo. banc 2018), the majority of the Commission considered Employee's August 8, 2018 response to be a motion for substitution "on behalf of [Employee's] estate filed within ninety days" of the suggestion of death. The Commission further found that even if the August 8 response did not qualify as a motion for substitution, the September 25 Motion was sufficient because Rule 52.13's "specific requirements, including its ninety-day time limit for filing a motion for substitution, do not apply." However, the Commission also found sufficient evidence had not been submitted to show Daughter was Employee's proper successor in interest. Leave was granted to submit an amended motion for substitution accompanied by supporting documentation.[3]

In March of 2019, the Commission received documentation showing a probate court had named Daughter as PR of Employee's estate on January 29, 2019. Over Employer's objections, the majority of the Commission found Daughter to be Employee's successor in interest as PR of his estate for purposes of the pending workers' compensation claim.[4]

On June 13, 2019, more than 10 years after Employee was injured at work and 18 months after his death, the Commission unanimously entered its final award adopting

---

[3] One commissioner dissented on the grounds that Rule 52.13(a)(1) and its 90-day limitation applied, that the August 8 response did not qualify as a motion for substitution, and that the only motion for substitution was untimely filed on September 25.
[4] One Commissioner again dissented on the same grounds as indicated in footnote 3.

the prior award of the ALJ with slight modifications as to the issue of temporary total disability and reflecting the date of Employee's death as the final date for permanent total disability benefits. Employer appeals.

## Standard of Review

Our review is governed by section 288.210. ***Dickemann v. Costco Wholesale Corp.***, 550 S.W.3d 65, 67 (Mo. banc 2018). This Court reviews the Commission's award to see whether: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant making the award. § 287.495.1; ***White v. ConAgra Packaged Foods, LLC***, 535 S.W.3d 336, 338 (Mo. banc 2017). We are bound by the Commission's factual findings, provided such findings are supported by competent and substantial evidence, but we are not bound by the Commission's conclusions of law. ***Dickemann***, 550 S.W.3d at 67. "Questions of law, including those involving statutory interpretation, are reviewed *de novo*." ***Casey***, 550 S.W.3d at 79.

## Analysis

### *Points 1 and 2*

In point 1, Employer argued the Commission acted without or in excess of its authority when it found the specific requirements of Rule 52.13 do not apply to workers' compensation cases and failed to dismiss Employee's case after no valid motion for substitution was timely filed within 90 days after the suggestion of death was filed. In point 2, Employer also invoked Rule 52.13 arguing the Commission acted without or in excess of its authority when it considered the August 8, 2018 response of Employee's

6

counsel to be a timely motion for substitution filed on behalf of Employee's estate or successor in interest.

Both points erroneously assume that Rule 52.13 controls here. Workers' compensation cases are "simple, informal, and summary[.]" § 287.550. Chapter 287, governing workers' compensation cases, has only minimal requirements for its pleadings or motions. *Casey*, 550 S.W.3d at 82. Consequently, the Missouri rules of civil procedure do not apply to workers' compensation actions unless a workers' compensation statute implicates the application of a specific rule. *Id.*

When an employee dies while his/her claim is pending, the specific statute that applies is section 287.580. It states:

> If any party shall die pending any proceedings under this chapter, the same shall not abate, but on notice to the parties may be revived and proceed in favor of the successor to the rights or against the personal representative of the party liable, in like manner as in civil actions.

*Id.* We are required to strictly construe this statute. *See* § 287.800.1. Therefore, this Court is not authorized to add words to, subtract words from, or ignore the plain meaning of words chosen by the legislature. *Guinn v. Treasurer of State*, 577 S.W.3d 847, 851 (Mo. App. S.D. 2019). Reviewing the plain language of this statute, it says nothing about a requirement to file a suggestion of death within 90 days of death or about the proceeding being dismissed without prejudice for failure to do so. Therefore, section 287.580 does not mandate the application of Rule 52.13.

What section 287.580 does plainly say is that: (1) a pending workers' compensation proceeding does not abate upon the employee's death; and (2) on notice to the parties, it may be revived by the PR of the employee's estate; (3) in like manner as in civil actions. This last phrase is important because there is a well-established procedure

7

in civil actions for permitting a PR of a person's estate to pursue a claim that does not abate, including a time limitation on when that must be done.

A civil action for personal injuries does not abate upon the death of the injured party. § 537.020.1. The cause of action survives to the PR of the injured party's estate. *Id.* A petition or application to open an estate must be filed within one year of the decedent's date of death. § 473.020.2; ***Ellison v. Fry***, 437 S.W.3d 762, 773 (Mo. banc 2014). The probate division of a court is required to deny as untimely an application for letters of administration filed more than one year after the decedent's death. *See **Estate of Mickels***, 542 S.W.3d 311, 313 (Mo. banc 2018) (involving an appeal from the probate division's denial of an application for letters as untimely pursuant to section 473.020.2). After appointment, a PR is required to "prosecute all actions which may be maintained and are necessary in the course of his administration . . . ." § 473.270.

Here, all of the requirements of section 287.580 were satisfied. Employee died on December 9, 2017. By the end of June 2018, all parties and the Commission were on notice of that fact. Daughter was appointed as Employee's PR on January 29, 2019. We presume the probate division that appointed Daughter as PR was well aware of the one-year filing requirement in section 473.020.2 and applied it correctly. ***D.D.W. v. M.F.A.***, 594 S.W.3d 274, 280 (Mo. App. S.D. 2020). Because Employer did not present the Commission with anything to show otherwise, we presume on appeal that the granting of letters of administration was correct. *See **id.*** Thereafter, the PR pursued Employee's workers' compensation claim to conclusion before the Commission. Accordingly, points 1 and 2 are denied.

8

*Point 3*

In point 3, Employer argues the Commission "erred in finding that Employee sustained an accidental injury or occupational disease arising out of and in the course of his employment," because "there was not sufficient competent evidence in the record[.]" Specifically, Employer claims the Commission's finding on this issue "erroneously relied on the medical causation opinion" of Employee's medical expert Dr. David Volarich ("Dr. Volarich") and that Dr. Volarich's testimony was premised on "an incomplete and inaccurate medical history," "ignored medical evidence contrary to his opinions[,]" and failed to "adequately explain the basis for his opinions."

Employer's section 287.495.1(4) challenge can succeed "only in the demonstrated *absence* of sufficient competent substantial evidence; evidence *contrary* to the award of the Commission, regardless of quantity or quality, is irrelevant." **Nichols v. Belleview R-III School Dist.**, 528 S.W.3d 918, 922 (Mo. App. S.D. 2017) (internal quotation and citation omitted). Sufficient competent evidence is a "minimum threshold[.]"[5] **Id.** This Court defers to the Commission's factual findings and "recognize[s] that it is the Commission's function to determine the credibility of witnesses and the weight to be given to their testimony." **Cook v. Missouri Highway & Transp. Comm'n**, 500 S.W.3d 917, 923 (Mo. App. S.D. 2016). The expert opinion from a single medical expert "may be competent and substantial evidence in support of an award of benefits[.]"

---

[5]     The burden of production is a party's duty to introduce enough evidence on an issue to have the issue decided by the []fact-finder. In a workers' compensation case, an employee meets this burden when she introduces competent and substantial evidence on the whole record sufficient to support a finding on each of the facts necessary to that award.

**Annayeva v. SAB of TSD of City of St. Louis**, SC 98122, 2020 WL 1270758, at *3 n.8 (Mo. banc Mar. 17, 2020) (selected internal citations, quotation marks, and brackets omitted).

9

***Smith v. Capitol Region Med. Center***, 458 S.W.3d 406, 417 (Mo. App. W.D. 2014) (internal quotation and citation omitted).

Employer does not point to any portion of the record where Employer timely objected to Dr. Volarich's testimony on the basis of lack of foundation or moved to strike such testimony. Dr. Volarich's testimony and his report were admitted into evidence before the ALJ with no objection. Therefore, Employer's objections to the admissibility of Dr. Volarich's opinion on causation have not been preserved.

Furthermore, we have previously rejected this manner of "[u]nmade evidentiary objection[], shoe-horned into [an] evidentiary sufficiency claim[.]" ***Nichols***, 528 S.W.3d at 930*; see **Proffer v. Federal Mogul Corp.***, 341 S.W.3d 184, 187 (Mo. App. S.D. 2011). There is a "distinction between *admissibility* of evidence and *submissibility* of a case. Adequacy of the factual or scientific foundation for expert opinion is an *admissibility* issue which is waived absent a timely objection or motion to strike." ***Proffer***, 341 S.W.3d at 187. Expert testimony, admitted without objection, "can be considered as any other evidence in determining the *submissibility* of the case." ***Id.***

For all of these reasons, Employer's argument fails to demonstrate reversible error on the bases alleged, and Employer's point 3 is accordingly denied.

*Point 4*

In point 4, Employer also argues the Commission's finding "that Employee was permanently and totally disabled as a result of the alleged work injury to his right shoulder," was not supported by sufficient competent evidence. Employer argues the Commission incorrectly relied on an "inaccurate assessment" of Employee's functional limitations found in the vocational assessment of Philip Eldred ("Eldred").

10

Eldred's deposition testimony and his assessment report were admitted into evidence by the ALJ without any objection to a lack of foundation. Therefore, the adequacy of the factual basis for Eldred's opinion was waived when Employer did not object or move to strike it. *See **Proffer***, 341 S.W.3d at 187.

For the reasons discussed previously in point 3, Employer's point 4 must also fail and is accordingly denied.

## Conclusion

The Commission's award is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

DANIEL E. SCOTT, P.J. – CONCURS