

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00220-CV
_____

IN RE DANIEL VILLA, RELATOR

_____

ORIGINAL PROCEEDING
_____

July 26, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator David Villa, appearing pro se, has filed a document entitled "motion for writ of mandamus." There he contends he is "illegally confined and restrained of his liberty" by Lorie Davis, an official of the Texas Department of Criminal Justice, "by virtue of a judgment."

Relator was arrested for driving while intoxicated (DWI) in August 2005. A May 2006 indictment enhanced the charge against him to a third degree felony based on two

1992 misdemeanor DWI convictions.[1]  Relator was convicted as charged and sentenced to life in prison as a habitual offender.[2]

The substance of relator's current complaint is a contention his 2005 offense was wrongly elevated from a misdemeanor to a felony, with the result that his sentence and judgment are void.  This error occurred, he argues, because the State failed to prove a 2001 DWI conviction that was essential under the law then in effect for the admission of the two 1992 DWI enhancement convictions.[3]  Relator presents his complaint through twelve issues.

Despite the title of relator's document, in this Court he seeks post-conviction relief from a final felony conviction.  Such relief, where the death penalty was not assessed, is cognizable on a writ of habeas corpus, *see Ex parte Rich,* 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); *Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2015) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"), filed in the court of original conviction and made returnable to the Texas Court of Criminal Appeals.  TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a),(b) (West 2015).  The Court of Criminal Appeals' jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction is exclusive.  *Padieu v. Court of Appeals of Texas, Fifth District,* 392 S.W.3d

---

[1] TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2017).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

[3] On direct appeal, relator unsuccessfully urged issues based on this argument. *Villa v. State,* No. 07-06-00270-CR, 2009 Tex. App. LEXIS 6217, at *12-13 (Tex. App.—Amarillo Aug. 10, 2009, pet. ref'd) (op. on reh'g, mem. op., not designated for publication) (citing *Weaver v. State,* 87 S.W.3d 557, 560 (Tex. Crim. App. 2002)).

115, 117 (Tex. Crim. App. 2013); *Ex parte Alexander,* 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 11.07 § 5.

Within relator's petition we find what we interpret as two specific complaints against the Honorable John J. "Trey" McClendon, III, presiding judge of the convicting court, the 137th District Court of Lubbock County. First, relator seeks an order compelling Judge McClendon to conduct a hearing to resolve disputed facts germane to relator's improper enhancement argument. Relator apparently unsuccessfully requested a hearing of this nature during his 2015 subsequent habeas corpus application.[4] We have no jurisdiction now to order Judge McClendon to conduct such a hearing. *See In re Morgan,* No. 02-16-00077-CV, 2016 Tex. App. LEXIS 3136, at *1 (Tex. App.—Fort Worth Mar. 28, 2016, orig. proceeding) (mem. op.) (finding "[e]ven though [relator's habeas] application is no longer 'pending,' we believe that we do not have jurisdiction over relator's mandamus petition because he is challenging the trial court's express or implied rulings made during his prior 11.07 application"); *In re Estes,* No. 11-15-00002-CR, 2015 Tex. App. LEXIS 545 (Tex. App.—Eastland Jan. 22, 2015, orig. proceeding) (mem. op., not designated for publication) (same).

---

[4] *See* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 11.07 § 4. The Court of Criminal Appeals dismissed relator's subsequent habeas proceeding without written order on November 18, 2015. *Ex parte Villa,* No. WR-29,948-10 (Tex. Crim. App. Nov. 18, 2015) (subsequent application for writ of habeas corpus, art. 11.07, sec. 4(a)-(c)). Two later proceedings filed by relator in the Court of Criminal Appeals also were dismissed without written order. *Ex parte Villa,* No. WR-29,948-11 (Tex. Crim. App. Dec. 9, 2015) (subsequent application for writ of habeas corpus, art. 11.07, sec. 4(a)-(c)); *Ex parte Villa,* No. WR-29,948-12 (Tex. Crim. App. Apr. 25, 2018) (mandamus). Records of original proceedings filed by relator with the Court of Criminal Appeals were examined through a search of that court's website. *See* http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c. (last examined on July 25, 2018).

Second, and in line with his improper enhancement argument, relator seeks our order compelling Judge McClendon to render a judgment nunc pro tunc. The procedure relator seeks would not, however, involve the ministerial correction of a clerical error in the judgment. Rather, it would effectively require readjudication of his conviction. We likewise have no authority to order Judge McClendon to undertake such a proceeding. *See Simon v. Levario,* 306 S.W.3d 318, 321 (Tex. Crim. App. 2009) ("it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a clear right to the relief sought, i.e., the law he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case" (internal quotation marks and citation omitted)).

Based on the foregoing, we find this Court, as an intermediate appellate court, lacks jurisdiction to grant the relief relator seeks.

Moreover, even if we are mistaken and the relief relator seeks is not exclusively within the jurisdiction of the Court of Criminal Appeals, relief by mandamus is not available.

As for Lorie Davis, as agent of the Texas Department of Criminal Justice, the general rule is a court of appeals has no jurisdiction to enter a writ of mandamus except against certain categories of judges specified by statute. TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2017). An exception to this limitation exists if mandamus relief is necessary to protect the court's jurisdiction in an existing appeal. TEX. GOV'T CODE ANN. § 22.221(a). Issuing a writ of mandamus against Davis is not necessary for the

4

preservation of this Court's jurisdiction over a pending appeal. We therefore lack mandamus jurisdiction as to Davis.

We have mandamus jurisdiction as to Judge McClendon. TEX. GOV'T CODE ANN. § 22.221(b)(1). We therefore look to the merits of relator's petition. The writ of mandamus may issue if the record demonstrates the relator lacks an adequate remedy at law to redress the complaint alleged and the action to be compelled is a ministerial act and not one involving a discretionary or judicial decision. *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)). Relator's complaint against Judge McClendon fits neither requirement. He seeks reconsideration of a subject which he raised on direct appeal, as well as by habeas corpus, and according to his present petition the relief he seeks by mandamus concerns contested material issues.

For those reasons, relator's petition is dismissed.

James T. Campbell
Justice

5